NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0548n.06

Case No. 13-5374

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jul 23, 2014
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA, )
)
    Plaintiff-Appellee, )
)    ON APPEAL FROM THE
    v. )    UNITED STATES DISTRICT
)    COURT FOR THE EASTERN
UNDRA DAVIS, )    DISTRICT OF TENNESSEE
)
    Defendant-Appellant. )
_____ )

Before:  BATCHELDER, Chief Judge; SILER and CLAY, Circuit Judges.

ALICE M. BATCHELDER, Chief Judge.  Defendant-appellant Undra Davis appeals the district court's denial of his motion to suppress evidence.  We affirm.

Officer Jeremy Huddleston was on routine patrol at about 3:30 in the morning when he saw a black SUV speed past with two men in it.  The officer got a good look at the driver, who looked directly at him, but when Officer Huddleston activated his lights to make a traffic stop, the SUV sped away at such a speed that Officer Huddleston discontinued pursuit for safety reasons.

Acting on a "hunch" by a sergeant at the station, Officer Huddleston drove to Salem Road, where he recognized the SUV, which was backed into a driveway with the dome light on such that he could see two men inside.  Officer Huddleston recognized the driver, who turned out to be Davis.  When Davis fled the car on foot, towards the house, Officer Huddleston pursued and ordered him to stop.  Davis continued to the doorway and attempted to enter, so Officer Huddleston tased him and then arrested him.  During the arrest, Officer Huddleston and another

1

officer observed drugs and weapons in plain sight. This probable cause led to a search warrant, which led to discovery of more drugs and weapons, which led to an indictment on drug and weapon charges. Davis moved to suppress the incriminating evidence on the grounds that the tasing was an unlawful seizure.

At the suppression hearing, Officer Huddleston testified that he first observed Davis driving the speeding SUV and then recognized both the SUV and Davis when he arrived at the Salem Road address. Although the initial traffic stop was for speeding, the ensuing pursuit and seizure were for felony evading arrest. Defense counsel argued at the hearing and again to the magistrate judge in post-hearing briefing that Officer Huddleston's testimony was not worthy of belief. The magistrate judge, however, believed Officer Huddleston and recommended that the district court deny the motion.

Defense counsel objected to the recommendation and argued to the district court that Officer Huddleston's testimony was not worthy of belief. The district court reconsidered Davis's arguments de novo, but it too believed Officer Huddleston and denied the motion to suppress.

Davis entered a guilty plea, reserving the right to appeal the district court's denial of his motion to suppress. That appeal is before us here and Davis raises the same argument he raised to the district court — that Officer Huddleston's testimony is not worthy of belief — and argues that the district court clearly erred in believing it.

When reviewing the denial of a motion to suppress, we review the district court's factual findings for clear error, considering the evidence in the light most favorable to the government. *United States v. Woods*, 711 F.3d 737, 740 (6th Cir. 2013). Here, the evidence fully supports the

2

district court's findings that Officer Huddleston recognized both the SUV and the driver, Davis. Consequently, the district court did not err by finding Officer Huddleston credible and relying on that testimony.   The district court properly denied Davis's motion to suppress.

We AFFIRM.